**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JOSUE MARTELO,

        Plaintiff,

vs.                                     Case No. 2:07-cv-200-FtM-34SPC

HESS CORPORATION #9241 and
CESAR VALENCIA,

        Defendants.

_____

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Second Motion for Remand (Dkt. No. 27; Second Motion to Remand) filed on June 29, 2007. See Second Motion to Remand. Defendants have filed a response opposing the request for remand, see Defendant's [sic] Opposition and Incorporated Memorandum of Law to Plaintiff's Second Motion for Remand and Incorporated Memorandum of Law (Dkt. No. 30; Response in Opposition, filed June 7, 2007), and this matter is ripe for review.

Plaintiff originally brought this negligence action in the Twentieth Judicial Circuit, in and for Lee County, Florida, seeking damages for injuries he sustained while visiting a Hess Convenience Store and Gas Station as a business invitee. See Dkt. No. 3; Amended Complaint. The case was removed to this Court on March 28, 2007, on the basis of diversity of citizenship. See Dkt. No. 1; Notice of Removal. At the time of removal, the operative pleading was Plaintiff's First Amended Complaint, which named Hess Corporation #9241, a foreign corporation, and George Ringlin, a Florida resident, as Defendants. See Amended Complaint. Thereafter, Plaintiff filed a Motion to Remand (Dkt. No. 5), and supporting

Memorandum of Law (Dkt. No. 6), arguing, inter alia, that this Court lacked subject matter jurisdiction over this matter because complete diversity did not exist between Plaintiff and Defendant Ringlin. See Dkt No. 5; Dkt. No. 6. In response, Defendants asserted that Defendant Ringlin was fraudulently joined because he was not the store manager of the Hess Station at the time Plaintiff was injured, and thus there was no possibility that Plaintiff could prove a cause of action against Defendant Ringlin under Florida law. See Dkt. No. 18; Defendants' Opposition and Incorporated Memorandum of Law to Plaintiff's Motion for Remand and Incorporated Memorandum of Law.

Prior to this Court ruling on the Motion to Remand, Plaintiff filed an Unopposed Motion for Leave to Amend Complaint and Agreed Order Granting Leave to Amend Complaint. See Dkt. No. 21; Motion to Amend. In the Motion to Amend, Plaintiff asserted that "[t]hrough due diligence" he had "discovered the proper Defendant party in this action." See Motion to Amend at ¶ 1. Plaintiff requested that the Court allow him to further amend the Amended Complaint to substitute Cesar Valencia, a Florida resident (and presumably the correct manager of the Hess store at the time Plaintiff was injured), for Defendant Ringlin. See id. at 2. In the Motion to Amend, Plaintiff also represented that "[p]ursuant to a telephone conversation on May 10, 2007, both counsel have agreed to the Second Amended Complaint." See id. at ¶ 2.[1]

On May 17, 2007, this uncontested matter was referred to Magistrate Judge Sheri Polster Chappell, who entered an Order granting the Motion to Amend on May 24, 2007.

---

[1] The proposed Second Amended Complaint was attached as an Exhibit to the Motion to Amend and named Cesar Valencia, a Florida resident, as a defendant. See Dkt. No. 21-2.

See Dkt. No. 24; Order.  As good cause for granting the Motion to Amend, the Magistrate Judge noted that "the parties conferred regarding the requested relief and no one opposes the amendment."  See Order at 1.  The Second Amended Complaint substituting Cesar Valencia as a party Defendant was thereafter filed with this Court on May 24, 2007.  See Dkt. No. 25; Second Amended Complaint.

     On May 29, 2007, Plaintiff filed the Second Motion to Remand that is now before this Court.  See Second Motion to Remand.  As grounds for requesting remand in the Second Motion, Plaintiff advances substantially the same argument as he did in the first–that is, that this Court lacks subject matter jurisdiction because complete diversity does not exist in this case.  See id. at ¶ 4.  In response, Defendants argue that Plaintiff's Second Motion to Remand should be denied pursuant to the dictates of 28 U.S.C. § 1447(e), which applies when joinder of a new party would destroy diversity after removal.  See Response in Opposition at 5-6.  Essentially, Defendants assert that Defendant Valencia, like Defendant Ringlin before him, has been fraudulently joined by Plaintiff, and therefore complete diversity continues to exist.  Id. at 3-4.  Thus, Defendants conclude that this Court should deny Plaintiff's Second Motion to Remand "since removal was proper after the first amended complaint because complete diversity continued to exist since Defendant Ringlen was a fraudulent joinder and Plaintiff [] was not thereafter allowed to freely add the non-diverse Defendant Valencia."  See id. at 7.

     The Court agrees with Defendants that section 1447(e) governs the determination of a post removal request to add a party that would destroy diversity jurisdiction.  However, the Court is presently not considering a request to add Defendant Valencia.  That matter was

before the Court in the Motion to Amend, and was resolved with Defendant Hess's acquiescence, when the Motion to Amend was granted. If Defendant Hess opposed the substitution of Defendant Valencia for Defendant Ringlin for the reasons it now asserts, then Defendant Hess should have opposed Plaintiff's Motion to Amend the Complaint in accordance with § 1447(e).[2]  Indeed, Defendant Hess knew from the allegations in the Second Amended Complaint (which was attached to the Motion to Amend) that Defendant Valencia was a non-diverse defendant, who, if joined, would assure that diversity was not present. See Motion to Amend, Ex. 1.  Nevertheless, Defendant Hess consented to the amendment joining Valencia as a defendant.

It is well settled that once a district court permits joinder of a non-diverse defendant, subject matter jurisdiction is destroyed and the case must be remanded back to state court. See Ingram v. CSX Transp., Inc., 146 F.3d 858, 861 (11th Cir. 1998).  In Ingram, the Eleventh Circuit explained, "[i]t is axiomatic that lack of complete diversity between the parties deprives federal courts of jurisdiction over a lawsuit." Id. at 861. Consistent with this legal truism, section 1447(e) provides: "If after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e). Thus, under the black letter of section 1447(e), a district court confronted with a request to join a defendant that will destroy diversity has only two options: (1) deny joinder; or (2) permit

---

[2] See Pribble v. Siegwerk U.S.A., Inc., No. 1:06-cv-1120-SEB-JMS, 2007 WL 1021411, *3 (S.D. Ind. March 28, 2007) (permitting unopposed amendment destroying diversity, remanding case under provisions of 1447(e), and noting that "[h]ad Defendants initially challenged Plaintiffs' post-removal amendment to the Complaint, some alternative course might have been available").

joinder and remand the case to state court.  See Ingram, 146 F.3d at 861; see also Kaplan v. Divosta Homes, L.P., 2:06-cv-625-FtM-29SPC; 2007 WL 1427916, *2 (M.D. Fla. May 14, 2007).  Accordingly, once Plaintiff was permitted to further amend the Amended Complaint to join Defendant Valencia pursuant to Plaintiff's unopposed Motion to Amend, this case became due to be remanded to state court for lack of subject matter jurisdiction.[3]  In light of the above, it is now **ORDERED**,

    1.    Plaintiff's Second Motion to Remand (Dkt. No. 27) is **GRANTED**.  The Clerk is directed to remand this case to the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified Copy of this Order to the Clerk of that Court.

---

[3] Although the Court concludes that Defendant Hess essentially waived its argument in opposition to the substitution of Defendant Valencia by not opposing the Motion to Amend, the Court notes that it would find this case due to be remanded even if the Court were to entertain Defendant Hess's argument in opposition on the merits.  In sum, the Court is not persuaded that the substitution of Defendant Valencia is solely to defeat diversity jurisdiction, nor does the Court find either that Plaintiff was dilatory in asking for the amendment or that Defendant Hess will be unduly prejudiced by remand.  See generally Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987) (articulating factors to be considered when plaintiff seeks to add diversity destroying defendant after removal); see also Espat v. Espat, 56 F.Supp.2d 1377, 1382 (M.D. Fla. 1999) (applying Hensgens factors to section 1447 analysis).  This case is in the early stages of litigation and it appears to the Court that Plaintiff was simply initially mistaken as to the identity of the manager of the Hess station at the time he was injured, and moved promptly to correct his error once it was brought to his attention.

      2.      The Clerk is further directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers on July <u>13th</u>, 2007.

*[Signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

lc4

Copies to:

Counsel of Record